PEOPLE v. PIERRE SMITH

Homicide—Second-Degree Murder—Evidence—Sufficiency.
  Testimony of one witness that he saw the defendant draw a pistol
    and fire at the deceased and the testimony of two other wit-
    nesses that they saw the defendant with a pistol in his hand
    immediately before and after the firing of the fatal shot was
    sufficient to support the defendant's conviction of second-degree
    murder.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 December 7, 1970, at Detroit. (Docket No. 9737.) Decided January 28, 1971.

Pierre Smith was convicted of second-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *William L. Cahalan*, Prosecuting Attorney, *Dominick R. Carnovale*, Chief, Appellate Department, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*Jack J. Kraizman*, for defendant on appeal.

Before: Lesinski, C. J., and Levin and O'Hara,* JJ.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

---

Reference for Points in Headnote
40 Am Jur 2d, Homicide §§ 53, 425–458.

Per Curiam.  Defendant was found guilty by a jury of the June 8, 1969, second-degree murder of Jerome Fonte.  MCLA § 750.317 (Stat Ann 1954 Rev § 28.549).  Defendant's sole assignment of error from the trial court's refusal to grant a new trial is whether the prosecution presented sufficient evidence to sustain the jury's verdict.

The record shows that the prosecution produced three eyewitnesses who were able to link defendant directly with the crime.[1]  The credibility and weight of this evidence was for the jury.  *People* v. *Moss* (1969), 16 Mich App 295.  The record reveals a plethora of evidence by which the trier of fact could have found defendant guilty of second-degree murder.  Defendant's contention is wholly without merit.

Affirmed.

---

[1] One witness testified he observed defendant draw and fire a pistol at the victim.  Two others were able to testify that, while they did not actually see defendant shoot Fonte, they did see defendant with a weapon in his hand immediately before and after they heard the report of the shot.